UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SNAGPOD, LLC,

           Plaintiff,           Case No. 23-cv-10401

v.                                        Paul D. Borman
                                             United States District Judge

PRECISION KIOSK TECHNOLOGIES, INC.

           Defendants.
_____/

## ORDER AND OPINION DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF No. 32)

Plaintiff SnagPod, LLC requests this Court to reconsider its Order granting Defendant Precision Kiosk Technologies, Inc.'s Motion for Judgment on the Pleadings (ECF No. 28) and dismissing all remaining counts of Plaintiff's Complaint. (ECF No. 32). For the forthcoming reasons, the Court **DENIES** Plaintiff's Motion for Reconsideration.

### I. PROCEDURAL BACKGROUND

Plaintiff SnagPod, LLC initiated this action by filing a Complaint against Defendant Precision Kiosk Technologies, Inc. on February 15, 2023. (ECF No. 1).

1

Plaintiff's seven count Complaint alleged that Defendant copyrighted its various breathalyzer, alcohol testing, and kiosk technologies in violation of 17 U.S.C. § 501.

On June 2, 2023, Defendant filed a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c) as to all counts of Plaintiff's Complaint. (ECF No. 22).

On June 22, 2023, the parties stipulated to the dismissal of Counts IV–VII of the Complaint. (ECF No. 23). On June 23, 2023, the Court filed a Stipulated Order of Dismissal of those counts with prejudice. (ECF No. 24).

Also on June 23, 2023, Plaintiff filed a Response to Defendant's Motion for Judgment on the Pleadings as to the remaining counts. (ECF No. 25). On July 7, 2023, Defendant filed its Reply in support of its motion. (ECF No. 26).

On Wednesday October 11, 2023, the Court held a hearing on Defendant's motion. On October 12, 2023, after fully considering the parties' briefing and oral arguments, the Court granted Defendant's Motion for Judgment on the Pleadings and dismissed all the remaining counts of Plaintiff's Complaint. (ECF No. 28).

As stated more fully in the Court's Order, the Court found that the elements of Plaintiff's breathalyzer kiosk that Plaintiff sought to protect were essential to the function of any automated breathalyzer kiosk, and were thus not subject to copyright protection as a matter of law. (*Id*).

## II. LEGAL STANDARD

Local Rule 7.1 provides that "[p]arties seeking reconsideration of final orders or judgments must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b)." A motion for reconsideration made pursuant to Rule 59(e) may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.' " *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (citing 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

## III. ANALYSIS

Plaintiff argues it is entitled to reconsideration because the Court made four clear errors of law. (ECF No. 32, PageID.362–73). The Court disagrees as to all four.

**A. The Court properly applied the Rule 12(c) standard.**

3

Plaintiff argues that the Court improperly applied the Fed. R. Civ. P. 12(c) standard by not accepting Plaintiff's factual allegations as true and by relying on factual allegations outside the pleadings. (ECF No. 32, PageID.362).

Plaintiff contends that the Court failed to accept the following factual allegations from its Complaint as true:

> 16. SnagPod is the exclusive owner of the SnagPod Software, SnagPod Video, and Copyrights.
>
> 22. PKT and/or Kreitzer had access to the SnagPod Software via the LifeLoc Kiosk subject to the '077 Copyright.
>
> 23. PKT and/or Kreitzer had access to the SnagPod Video of the LifeLoc Kiosk subject to the '104 Copyright.
>
> 26. The AB Kiosk is a substantially similar copy and a derivative work of the SnagPod Software and the SnagPod Video for the LifeLoc Kiosk. See Exhibit F, Comparison of the SnagPod Software and AB Kiosk Software.
>
> 34. The input and output formats of SnagPod Software comprise original and creative expressions, and SnagPod made many creative choices in designing these formats.
>
> 35. PKT had many alternatives in their input and output formats and had no justification in blindly copying the creative choices of SnagPod.
>
> 48. The input and output formats shown in the SnagPod Video comprise original and creative expressions, and SnagPod made many creative choices in designing these formats.

(ECF No.32, PageID.367).

To the extent that these statements contain factual allegations, the Court accepted those as true. However, statements such as "[the] SnagPod Software comprise original and creative expressions," "PKT had many alternatives in their input and output formats," and "[t]he input and output formats shown in the SnagPod Video comprise original and creative expressions," are all conclusory statements, which the Court need not accept as true. *Handy-Clay v. City of Memphis*, 695 F.3d 531, 539 (6th Cir. 2012) (the court "need not accept as true a legal conclusion couched as a factual allegation, or an unwarranted factual inference).

Next, Plaintiff argues that the Court improperly relied on Defendant's factual allegations when the Court, citing Defendant's motion, stated that Plaintiff sought to protect:

> [T]he ideas, procedures, processes, systems, and/or methods of operation embedded in a "Welcome" page, a "Personal Info" page, an "Enter Your User ID" page, a "Taking Your Photo" page, a "Creating Fingerprint Records" page, a "Fingerprint Authorization" page, "Alcohol Testing" pages, and "Alcohol Test Completed" pages.

(ECF No. 32, PageID.177).

The Court agrees that this precise language originated from Defendant's motion. However, Plaintiff's Complaint contends that it seeks to protect the "sequence, structure, organization, and user interface of the input and output formats" of the SnagPod Kiosk. (ECF No. 1, PageID.8). Exhibit F to Plaintiff's

5

Complaint also attaches various images of Plaintiff's kiosk juxtaposed with Defendant's kiosk. (ECF No. 1-6, PageID.38–51). These include images of a "Welcome" page, a "Personal Info" page, an "Enter Your User ID" page, a "Taking Your Photo" page, a "Creating Fingerprint Records" page, a "Fingerprint Authorization" page, "Alcohol Testing" pages, and "Alcohol Test Completed" pages.

In quoting Defendant's motion, the Court merely found that Defendant's language accurately and succinctly summarized Plaintiff's allegations based on the language of Plaintiff's Complaint and the images Plaintiff attached as Exhibit F to its Complaint. This is not inconsistent with the Rule 12(c) standard.

**B. The Court did not misread the plain language of 17 U.S.C. § 410(c).**

Plaintiff next argues that the Court made a clear error of law by improperly applying the plain language of 17 U.S.C. § 410(c).

17 U.S.C. § 410(c) states that "[i]n any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." Courts have held that, under 17 U.S.C. § 410(c), when the plaintiff has obtained a copyright registration, a presumption exists whereby "the defendant bears the burden of producing evidence which brings into question the

copyrightability of the work." *Consul Tec, Inc. v. Interface Sys., Inc.*, 1991 WL 427891, at *4 n.4 (E.D. Mich. Oct. 31, 1991) (quoting *Digital Commc'ns Assocs., Inc. v. Softklone Distrib. Corp.*, 659 F. Supp. 449, 456 (N.D. Ga. 1987)).

The Court found that since Plaintiff's copyrights in the SnagPod Software and SnagPod Video were certified more than five years after the first publication of each work, Plaintiff was not entitled to this presumption. (ECF No. 28, PageID.258).

Plaintiff does not contest that its copyrights were not made within the five-year period; rather, Plaintiff argues that:

> 17 U.S.C. § 410(c) does not specify a specific time frame within which a copyright must be registered to qualify for the presumption. It merely provides *prima facie* evidence if satisfied. The statute in no way negates the presumption of validity for registrations occurring beyond five years from publication, or otherwise supports a finding that the pleadings have failed to state a claim for copyright infringement if 17 U.S.C. § 410(c) is not satisfied.

(*Id*).

The Court is unconvinced. 17 U.S.C. § 410(c) clearly states that a presumption of copyright validity exists when a certificate of registration is made within five years after first publication of the work. It can only follow logically that a registration made outside of this five-year window is not entitled to this same presumption. The Court finds no clear error here.

**C. The Court did not overlook controlling authority requiring expert testimony.**

Plaintiff further argues that the Court made a clear error by overlooking two controlling cases, *Design Basics, LLC v. Mitch Harris Bldg. Co.,* 2021 U.S. Dist. LEXIS 227529 (E.D. Mich. November 29, 2021) and *Kohus v. Mariol*, 328 F.3d 848 (6th Cir. 2003), which require courts to hear expert testimony before they can determine whether an element is unprotectable under the doctrines of merger and *scenes a faire*. (ECF No. 32, PageID.370–71).

First, the Court notes that *Design Basics, LLC v. Mitch Harris Bldg. Co.*, 2021 U.S. Dist. LEXIS 227529 (E.D. Mich. November 29, 2021) is not a controlling authority, which binds this Court. Therefore, it is not clear error to not follow it.

Second, *Kohus v. Mariol*, 328 F.3d 848 (6th Cir. 2003), which is binding on this Court, is distinguishable from this present dispute. In *Kohus*, the work at issue was a highly technical drawing of a patented latch that would lock the upper rails of a children's play yard in place. *Id*. The Sixth Circuit noted that, since the "drawings [were] technical in nature and a lay person is unlikely to understand what constitutes creativity in this area, which elements are standard for the industry, and which elements are dictated by efficiency or by external standards," expert testimony would likely be required to determine if the drawings were protectable. *Id*. at 857–58. Since the elements of the kiosk that Plaintiff seeks to protect here are not technical, this language is inapplicable.

The Court previously made the distinction between technical works, which require expert testimony and non-technical works, which do not, when distinguishing *RJ Control Consultants, Inc. v. Multiject, LLC*, 981 F.3d 446, 451 (6th Cir. 2020), which Plaintiff also relied on. This Court stated:

> [In *RJ Control Consultants*], the copyrighted material at issue was the software source code used in a rotary turntable control system for a plastic injection molding device. *Id.* at 451. In short, to determine if the source code was copyrightable, the court would have had to parse individual lines of computer code to determine:
>
>> "Which aspects or lines of the software code are functional? Which are expressive? Which are commonplace or standard in the industry? Which elements, if any, are inextricably intertwined?"
>
> *Id*. at 458. The Court agrees that parsing individual lines of code is beyond its expertise and would likely require expert witnesses, but no such parsing is required here. Unlike the plaintiff in *RJ Control Consultants*, SnagPod does not claim that PKT has copied individual lines of the source code it used to create the SnagPod Kiosk. Rather, it claims that PKT copied elements of the SnagPod Kiosk's outputs: the landing pages, the structure, the input prompts, and the sequence. These are much simpler claims to analyze. As such, the language from *RJ Control Consultants* counseling the use of expert testimony in certain cases is inapplicable here.

(ECF No. 28, PageID.255).

Since *RJ Control Consultants* and *Kohus* both involved highly complex technical works, while our present dispute concerns the comparatively simple aspects of Plaintiff's kiosk, it was not a clear error two distinguish these cases.

9

**D. The Court did not improperly rely on *Grey-El* for legal propositions inapplicable to the pleadings.**

Lastly, Plaintiff argues that the Court made a clear error in relying on *Gray-El v. Jennifer Lopez/Nuyorican Prods., Inc.*, 2019 WL 8750506 (E.D. Mich. Dec. 18, 2019) despite *Gray-El* being inapplicable to the present dispute. (ECF No. 32, PageID.373). Plaintiff's motion lists several reasons it believes *Gray-El* is distinguishable from the present dispute. (ECF No. 32, PageID.373–75).

However, Plaintiff already sought to distinguish *Gray-El* at the Court's hearing for Defendant's motion held on October 11, 2023. (ECF No. 30, PageID.282). The Court did not find those arguments persuasive then and a motion for reconsideration is not an appropriate time to "relitigate old matters." *Exxon Shipping Co.*, 554 U.S. at 485. The Court's discussion of *Gray-El* was not a clear error.

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Motion for Reconsideration of this Court's Order granting Defendant's Motion for Judgment on

the Pleadings. (ECF No. 28).  Plaintiff's Complaint, and all the remaining counts contained therein, are **DISMISSED** pursuant to the Court's Order.

**IT IS SO ORDERED.**

Dated: December 6, 2023                    s/Paul D. Borman
                                                                                        Paul D. Borman
                                                                                        United States District Judge